Ppinion of the Court, by
Judge Owsley.
THIS was p petition and summons brought in the Circuit Court by Mark Hardin, Fielding Winlock and Samuel Tevis, as Commissioners appointed to settle and close the business of the Farmers and Mechanics’ Bank of Shelbyville, upon a note executed by W. (Sí R. Jarvis, the first of July; 1819, to Benjamin F. Gore, for six hundred dollars, payable in the said Bank sixty days after dale.
The note was endorsed by Gore to the President and Directors of the Bank, and the suit was brought by Hardin, Winlock and Tevis, under the authority of an act of the Legislature, approved 21st December, 1821. Session Acts 1820, page 408.
That act, after appointing Winlock, Hardi-h and Te-vis Commissioners for the purpose of settling and closing as soon as practicable the business of the Bank, provides that “all the estate, real and personal, and all choses in action, to which the President, Directors and Company of said Bank are entitled, shall be and the same are hereby vested in said Commissioners;” and further authorized the said Commissioners to sue and be sued in the character as Commissioners.
^ jt .g not necessary to averaprivate oí«y ' to sue; the court is ex know'1"'1 whatever is enacted by ^g^therefore’ a peii„ tion andsura-mons maJ ll0
(2) A statute vesting the rights of ac-potion in*" commissioners, which fPPcars f™m to have been passed at the the^iock^ holders, is constitution--d^nce 3oV'S their consent,
The, defendants demurred to the petition, which was .drawn in the usual form, and the Circuit Court rendered judgment sustaining the demurrer.
(1) If, m the passage of the act to which we have referred, the Legislature has not transcended its consti* tutional limits, there can be little doubt but the court erred in sustaining the dpmurrer; for in language not to be ipisunderstood, not only the right to all choses in action belonging to the Bank, is vested in the plaintiffs by the act, but in their character of Commissioners, they are expressly authorized to sue and be sued, and it is in that character the present spit is prosecuted. 'It is true the petition contains no averment either of the appointment of the plaintiffs as Commissioners, or of their right to sue for the debts owing to the Bank, nor would the forms of such an action allow of averments of that sort; but wo apprehend no such averments are ne-! cessary to show the plaintiffs’ right of suit. They were appointed Commissioners and derived their right to sue by an act of the Legislature, and whatever is enacted by that body, it is incumbent on the court ex officio- to knowj without its being- specially averred in pleading.
(2) But in argument, the power of the Legislature to confer upon thp plaintiffs.a right of action which previously existed in the corporation, was contested, and in support of the position taken in argument, we were referred to the 12th section of the 10th article of the con-sfitution of this State, where it is declared, that no man’s property shall he taken without the consent of his representatives, and without just compensation being previously made to him,.
In deciding the present case, it is not, however, ne-eessary that we should go into a minute examination of the, import of this section of-the constitution. It is suf-iicient to remark, that according to no fair interpretation canitbe admitted to form any restriction on the power of the? Legislature to enact tire act under which the right of tire plaintiffs is derived.
The act appears from its preamble, to have been procured at the specialinstance of the stockholders of the corporation, and of course, the consent of the stockholders must be understood to have been given to its passage.
The act cannot, therefore, have deprived other? of any right without their consent, and is not in conflict with the section cited from the constitution.
Haggin,'Loganr fyc. for plaintiffs; SJiarjj, attorney-general, for defendants,.
The demurrer ouglii not, therefore, t<? have been sus-iaiued, and, consequently, the judgment must be reversed with costs; thacause remanded to the court be-and further proceedings there had, not iaconsis-tent with this opinion.